# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | 8:04CR511 |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | REPORT AND |
| ) | |
| **BRANDON J. CURTIS,** ) | RECOMMENDATION |
| ) | |
| **Defendant.** ) | |

On February 28, 2005, defendant Brandon J. Curtis (Curtis), together with his counsel, Assistant Federal Public Defender Jeffrey L. Thomas, appeared before the undersigned magistrate judge. Curtis waived his right to indictment and consented to the filing of an Information. Curtis was advised of the charges, the penalties and the right to appear before a United States District Judge. After orally consenting to proceed before a magistrate judge, Curtis entered a plea of guilty to Count I of the Information and to Counts I and II of the Second Superseding Indictment.

After being sworn, Curtis was orally examined by the undersigned magistrate judge in open court as required by Federal Rule of Criminal Procedure 11. Curtis also was given the advice required by that Rule. Finally, Curtis was given a full opportunity to address the court and ask questions.

Counsel for the government and counsel for Curtis were given the opportunity to suggest additional questions by the court. Moreover, both counsel orally certified that they were of the opinion that the pleas were knowing, intelligent and voluntary, and that there was a factual basis for Curtis's plea of guilty to Count I of the Information and Counts I and II of the Second Superseding Indictment.

Therefore, I find and conclude that: (1) the pleas are knowing, intelligent, and voluntary; (2) there is a factual basis for the pleas; (3) the provisions of Rule 11 and any other provisions of the law governing the submission of guilty pleas have been complied with; (4) a petition to enter a plea of guilty, on a form approved by the court, was completed by Curtis,

Curtis's counsel and counsel for the government, and such petition was placed in the court file (Filing No. 53)[1]; (5) the plea agreement is in writing and is filed in the court file (Filing No. 54); (6) there were no other agreements or stipulations other than as contained in the written plea agreement except as set forth on the record.

**IT IS RECOMMENDED TO SENIOR JUDGE THOMAS M. SHANAHAN that:**

1.  He accept the guilty pleas and find the defendant, Brandon J. Curtis, guilty of the crimes set forth in Counts I and II of the Second Superseding Indictment and Count I of the Information to which Curtis tendered a guilty plea;

2.  He not accept the plea agreement at this time as it contains an agreement under Fed. R. Crim. P. 11(c)(1)(C), but consider the agreement at time of sentencing.

**ADMONITION**

Pursuant to NECrimR 57.3 any objection to this Report and Recommendation shall be filed with the Clerk of the Court within ten (10) days after being served with a copy of this Report and Recommendation. Failure to timely object may constitute a waiver of any such objection. The brief in support of any objection shall be filed at the time of filing such objection. Failure to file a brief in support of any objection may be deemed an abandonment of the objection.

DATED this 1st day of March, 2005.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge

---

[1] The Petition and Plea Agreement were completed prior to the filing of the Second Superseding Indictment and the Information. Curtis and the government orally agreed on the record that the charges in Count I of the Indictment and the Superseding Indictment were the same as in the Second Superseding Indictment as to Curtis and the charge in the Information was the charge contemplated by Curtis and the government as it pertained to the Plea Agreement.