IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiffs,<br><br>vs.<br><br>BRANDON J. CURTIS,<br><br>Defendant. | **8:04CR511**<br><br>**ORDER** |

This matter comes before the Court on the Government's Motion for Order of Default and to Show Cause Regarding Defendant's Failure to Make Required Minimum Monthly Restitution Payments.  Filing No. 265.

Following Mr. Curtis's guilty plea to various counts of bank robbery, this Court imposed, among others, a term of incarceration (which ended October 2014) and restitution totaling approximately $45,000, to be paid (most recently) in monthly increments of the greater of $50 or 5% of Mr. Curtis' income.  Filing Nos. 59, 68, 96, 210. The Government reports that Mr. Curtis has failed to keep up with these payments and seeks an order of civil contempt to compel monthly payments of $100—premised on an alleged monthly income of around $2,000.

Under 18 U.S.C. § 3613A, the Court may consider this, but with an eye to Mr. Curtis's financial reality and restitution's *remedial*, not punitive, purpose.  *See, e.g.*, *United States v. Simmonds*, 235 F.3d 826, 831 (3d Cir. 2000).  Assuming the Government has shown by clear and convincing evidence deliberate nonpayment, Mr. Curtis would still be afforded the opportunity to show his inability to comply with the payment plan.  *Chicago Truck Drivers v. Bhd. Lab. Leasing*, 207 F.3d 500, 505 (8th Cir. 2000).  And, regardless,

1

the Court may modify Mr. Curtis's payment plan as his finances and the interests of justice require. *United States v. Vanhorn*, 399 F.3d 884, 886 (8th Cir. 2005).

Here, the Government's request is concerning. An alleged $2,000 per month yields Mr. Curtis $24,000 a year, twenty percent conservatively flowing to taxes, twenty five percent (by the government's admission) in child support, netting him roughly $13,200. Rent alone would easily set Mr. Curtis back $500 per month, leaving $7,200 for the year. And in response to the government's motion, Mr. Curtis reports medical and car payments, and the costs of raising a 4-year-old son, Filing No. 268, among the utility, grocery, and other bills of life. It is unclear how an additional $1200 a month would materialize.

Mindful of Mr. Curtis's burden to prove his financial incapacity, *Chicago,* 207 F.3d at 506; 18 U.S.C. § 3664(k), and his troubling lack of communication thus far, *see, e.g.*, Filing No. 267, appointment of counsel appears the appropriate course.

THEREFORE, IT IS ORDERED THAT,

1.  The Federal Public Defenders' Office is appointed counsel for Mr. Curtis.

2.  The FPD have until May 9 to propose a timely briefing schedule.

3.  An evidentiary hearing regarding Mr. Curtis' financial capacity will be held in due course.

Dated this 24th day of April, 2023.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge