IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>      vs.<br><br>BRANDON J. CURTIS,<br><br>                Defendant. | **8:04CR511**<br><br><br>**MEMORANDUM AND ORDER** |

This matter comes before the Court on the Government's Motion for Order of Default Regarding Restitution, Filing No. 265, and Motion to Compel Discovery, Filing No. 283. The Court grants the motion for default as modified herein and denies the motion to compel as moot.

## I.    BACKGROUND

In 2005, Defendant, Brandon J. Curtis, pleaded guilty to two counts of bank robbery and one count of brandishing a firearm. Filing No. 96. In addition to a term of incarceration, the Court ordered Curtis to pay $45,241 in restitution. Filing No. 131 at 5. The Court ordered Curtis to make minimum monthly payments of $50 or 5% of his gross income, whichever is greater. Filing No. 6. Curtis made periodic payments during his incarceration. Filing No. 291, Ex. 1 (payment spreadsheet). Following his release, however, his payments became more sporadic. *Id.* Curtis did not make a payment in 2022. *See id.* In 2023, Curtis made one payment of $10. *See id.*

On August 25, 2022, the United States filed a motion for a debtor's examination, which was subsequently held on October 13. Filing No. 259; Filing No. 264. At the

examination, the United States and Curtis agreed he would make monthly restitution payments of $100.  On November 10, Curtis and the United States agreed to reduce his monthly payments to $50.  However, following the examination, Curtis made only the single $10 payment noted above, dated March 1, 2023.

The United States filed its Motion for Order of Default on March 10, 2023.  Filing No. 265.  It also filed a motion to compel Curtis to produce documents related to his income and assets.  Filing No. 283.  The Court held a hearing on the motion for default on August 15, 2023.

At the hearing, the Court took judicial notice of the Government's index filed in support of its motion to compel, including evidence Curtis had not been formally evicted from his apartment, Filing No. 285-3; Filing No. 285-4; Filing No. 285-5; Filing No. 285-6, and bank statements revealing Curtis spent money on gambling websites, Filing No. 285-7; Filing No. 285-8.  This same bank statement reflects payment from Curtis's employers.  He consistently nets approximately $2,500 to $3,000 per month.  The Court also received an exhibit from the United States detailing the payments Curtis had made, totaling $5,841.29.  Filing No. 291, Ex. 1 (payment spreadsheet).  Curtis introduced evidence showing that he owed $692 per month in child support for five children and a letter from his apartment complex showing that while he was not being formally evicted, his lease was not being renewed.  Filing No. 291, Ex. 101 (child support docket sheet); Ex. 102 (same); Ex. 103 (same); Ex. 104 (same); Ex. 105 (same); Ex. 106 (letter from property manager).

The United States initially asked the Court to find Curtis in default and order him to make $220 monthly restitution payments because it estimated that was the amount of

discretionary income he spent on gambling websites every month. However, the United States later asked the Court to require Curtis to pay only $100 per month.

Curtis declined to be sworn to testify at the hearing, asserting he was injured and felt uncomfortable testifying while on pain medications.  His counsel stated Curtis was unable to work due to the injury.  Curtis appeared with crutches.  He did not present any medical evidence concerning his alleged injury.  Curtis, through his attorney, proposed monthly payments of $20.

## II.   ANALYSIS

The Mandatory Victims Restitution Act ("MVRA") requires a sentencing court to order a defendant to make restitution to the victim of the offense of conviction. 18 U.S.C. § 3663A(a); *United States v. Frazier*, 651 F.3d 899, 903 (8th Cir. 2011).  The MVRA permits the district court to "adjust the payment schedule [for restitution] . . . as the interests of justice require." 18 U.S.C. § 3664(k).[1]

The Court concludes the evidence received at the hearing requires it to adjust the payment schedule in the interests of justice.  In particular, the evidence of Curtis's bank statements, child support payments, and other financial circumstances convinces the Court that he should be required to make $100 monthly payments in order to satisfy his

---

[1] The United States styles its motion as seeking an order of default against Curtis. Filing No. 265.  The United States is permitted to enforce an order of restitution in the same manner it enforces the imposition of fines. 18 U.S.C. § 3664(m)(1)(A)(i).  "A fine or payment of restitution is in default if a payment is delinquent for more than 90 days." 18 U.S.C. § 3572(i).  When a payment is in default, the remedy is for the entire amount of the restitution to be due within thirty days. 18 U.S.C. § 3572(i); 18 U.S.C. § 3612(e) ("Within ten working days after a fine or restitution is determined to be in default as provided in section 3572(i), the Attorney General shall notify the person defaulting to inform the person that the fine or restitution is in default and the entire unpaid balance, including interest and penalties, is due within thirty days.").  Here, the United States does not seek to have the entire amount of the restitution due immediately as would be the remedy for a default.  Rather, the United States asks the Court to modify Curtis's monthly payments.  Thus, rather than analyzing the motion as one for default, the Court proceeds under its authority to adjust the payment schedule as the interests of justice require as set forth in 18 U.S.C. § 3664(k).

restitution obligation.  This payment schedule will maximize the amount the victims will receive while taking into consideration the constraints on Curtis's ability to pay.

The Court also notes that Curtis's counsel indicated Curtis has not filed his taxes for two years because he does not have the funds to hire a tax preparer.  Curtis anticipates he will receive a refund once the taxes are filed and believes that such amounts will go towards his restitution.  The Court believes it is likely Curtis could undertake the filing of his tax returns without assistance or could locate free assistance in completing the returns.  The Court encourages Curtis to do so and will credit any tax return money the United States receives towards Curtis's monthly payment obligation. That is, Curtis will be excused from making his monthly $100 payment to the extent his tax return money is received by the government.  For example, should the United States receive Curtis's tax refund in an amount of $320, Curtis would be excused from making his $100 payment for three months and would be required to pay only $80 in the fourth month.  His payment obligation would resume in the amount of $100 in the fifth month. Curtis will also receive a credit for any future year's tax returns that go towards his restitution obligation.

Lastly, having concluded the Government's motion should be granted, there is no need for further discovery.  Accordingly, the motion to compel discovery, Filing No. 283, is denied as moot.

## III.    CONCLUSION

The Court finds that, in the interests of justice, Curtis should be ordered to pay $100 per month towards his restitution obligation.

IT IS ORDERED:

1. The Government's Motion for Default, Filing No. 265, is granted as set forth herein.

   Defendant, Brandon J. Curtis is ordered to make monthly payments in the amount

   of $100 towards his restitution obligation.

2. The Government's Motion to Compel, Filing No. 283, is denied.

Dated this 23rd day of August, 2023.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge